1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chief Warrant Officer 2 Charles L. Pickett, III; Chief Warrant Officer 2 John P. Stark; Warrant Officer 1 Shaun R. Brown; and Chief Warrant Officer 3 Ronald F. Barton,<br><br>    Plaintiffs,<br><br>vs.<br><br>Arizona Department of Emergency & Military Affairs, Arizona National Guard; Major General David P. Rataczak, Adjutant General, Arizona Army National Guard; Colonel Bennett G. Bowlin, Deputy Chief of Staff of Personnel, Arizona Army National Guard; Lieutenant Colonel Richard Palmatier, Staff Judge Advocate, Arizona Army National Guard; Colonel Kenneth Edward Nettles, Commanding Officer, 385 Aviation Regiment, Arizona Army National Guard; Lieutenant Colonel Donald Kwan, Commanding Officer, 1-285 Aviation Battalion, Arizona Army National Guard,<br><br>    Defendants. | No. CV05-03366-PHX-MHM<br><br>**ORDER** |

On January 11, 2006, this Court held a hearing regarding the threshold issues of whether Plaintiffs had exhausted their administrative remedies and whether the Plaintiffs' presented a justiciable claim subject to the Court's review. At the hearing, after reviewing the papers presented by the parties and hearing oral argument the Court dismissed Plaintiffs'

claim for failure to make a sufficient showing that Plaintiffs had exhausted their administrative remedies and Plaintiffs' failure to present a justiciable claim.

**I.     Background**

On January 5, 2006, the Court issued an order limiting the scope of the previously scheduled preliminary injunction hearing to the issues mentioned above, *i.e.*, whether Plaintiffs had exhausted their administrative remedies in support of their requests for transfer and resignation from the Arizona National Guard and whether Plaintiffs had presented a justiciable claim. (Dkt.#18). The Court made this determination to limit the scope of the hearing to these specific issues based upon the briefing of the parties and its review of controlling Ninth Circuit law which provides that these threshold matters be addressed prior to addressing the merits of any such requests. See Wenger v. Monroe, 282 F.3d 1068, 1072 (9th Cir. 2002) (stating that before a court can determine if review of a claim challenging a military decision, the challenger must satisfy the threshold elements set forth in Mindes).[1]

**II.    Analysis**

    **A.     Mindes Analysis**

"A court should not review internal military affairs in the absence of (a) an allegation of a deprivation of a constitutional right or an allegation that the military has acted in violation of applicable statutes or its own regulations and (b) exhaustion of available intraservice measures." Mindes v. Seamen, 453 F.2d 197, 201 (5th Cir. 1981). If a plaintiff satisfies this threshold inquiry, a court must then weigh four factors to determine whether his claim is justiciable and subject to judicial review. Wenger, 282 F.3d at 1072. These factors include: (1) the nature and strength of the plaintiff's claims; (2) the potential injury to the plaintiff if review is refused; (3) the extent of interference with military functions; and (4)

---

[1] The factors set forth in Mindes v. Seamen, 453 F.2d 197, 201 (5th Cir. 1981) address the issues of exhaustion and justiciability. The Ninth Circuit has adopted this evaluation. See Sebra, 801 F.2d at 1141(stating that Mindes evaluation is the proper standard when determining justiciability and court review of military decision making).

the extent to which military discretion or expertise is involved. Id. (citing Sebra v. Neville, 801 F.2d 1135, 1141 (9th Cir. 1986)).

### (1) Exhaustion

At the hearing on January 11, 2006, the Court addressed in detail the issue of the administrative action taken by Plaintiffs pursuing their requests for transfer and resignation from the Arizona National Guard. It is apparent to the Court that Plaintiffs have not yet exhausted their administrative remedies in pursuit of their requests. First, even if Plaintiffs' requests are not governed under Military Personnel Message ("MILPER") 03-040, as they contend, Plaintiffs have not demonstrated they have taken sufficient steps to exhaust their administrative remedies contesting the denial of their original applications.

Additionally, assuming that Plaintiffs requests are governed by MILPER 03-040, which it appears they are, it is clear that the administrative remedies addressing such a request have not been exhausted as well. In fact, at the hearing on January 11, 2006, it was established that Plaintiffs have only recently submitted their requests pursuant to MILPER 03-040 and no decision has been made regarding those requests.

In sum, Plaintiffs have failed to demonstrate to the Court that they have exhausted their administrative remedies in support of their requests for transfer and resignation. Additionally, as discussed below, even if exhaustion has been demonstrated, this Court is not able to review Plaintiffs' claims as they are not justiciable.

### (2) Justiciability

In reviewing the evidence presented by Plaintiffs it is clear that they have failed to carry their burden demonstrating that this case is justiciable and subject to the Court's review. As explained at the hearing, the Court does not believe that Plaintiffs have made a persuasive showing regarding the four factor test established in Mindes. Most significantly, the Court finds that interference with military functions should only be done sparingly and only in exceptional circumstances. Such circumstances do not exist in this case. As explained in Sebra v. Neville, 801 F.2d 1135 (9th Cir. 1986), "military transfer decisions go to the core of deployment of troops and overall strategies of preparedness" and courts should be "wary of

1  intruding upon that sphere of military decision-making."  Here, Plaintiffs would have the
2  Court intervene regarding military decision-making addressing Plaintiffs' requests for transfer
3  and resignation.  The Court cannot take such action.
4        Therefore, because Plaintiffs have not established that they have exhausted their
5  administrative remedies the Court is precluded from reviewing the merits of Plaintiffs' claim.
6  Additionally, and in the alternative, Plaintiffs have also failed to present a justiciable claim.
7  Thus, Plaintiffs' action must be dismissed.
8        Accordingly,
9        **IT IS HEREBY ORDERED** dismissing Plaintiffs' claims and action from this Court
10 (Dkt.#1).
11       DATED this 12th day of January, 2006.

_____
Mary H. Murguia
United States District Judge